# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO G. PAEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> FRESNO COUNTY SHERIFF'S DEPARTMENT, <br><br> Defendant. | Case No. 1:17-cv-00455-BAM (PC) <br><br> ORDER DENYING MOTION TO APPOINT COUNSEL <br><br> (ECF No. 3) |

Plaintiff Guillermo G. Paez, Jr. ("Plaintiff") is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 3, 2017. (ECF No. 1.) That same day, Plaintiff filed a motion requesting appointment of counsel. (ECF No. 3.)

Plaintiff states that he cannot afford counsel, his imprisonment will greatly limit his ability to litigate, and the issues involved in his case are complex and will require significant research and investigation. He further states that he has limited access to the law library and limited knowledge of the law, and that he has made repeated efforts to obtain a lawyer. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298

1

(1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. As previously indicated, this Court is faced with similar cases involving claims of excessive force and failure to intervene filed by prisoners proceeding pro se almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened as required, and thus the case does not yet proceed on any cognizable claims. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel (ECF No. 3) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **May 8, 2017**        /s/ *Barbara A. McAuliffe*
                              UNITED STATES MAGISTRATE JUDGE

2