# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO G. PAEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> FRESNO COUNTY SHERIFF'S DEPARTMENT, <br><br> Defendant. | Case No. 1:17-cv-00455-BAM-PC <br><br> SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT <br> (ECF No. 1) <br><br> **THIRTY-DAY DEADLINE** |

Plaintiff Guillermo G. Paez, Jr. ("Plaintiff") is currently housed at the Fresno County Jail and proceeds in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on March 30, 2017, is currently before the Court for screening.

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Allegations in Complaint**

Plaintiff is currently housed at the Fresno County Jail. He names the Fresno County Sheriff's Department (Jail Division) as the sole defendant in this action. Plaintiff's complaint concerns allegations that the Defendant Sheriff's Department violated his Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff alleges as follows: On November 16, 2016, Plaintiff was in the custody of Defendant Sheriff's Department and was brought to the Community Regional Medical Center Emergency Room for clearance prior to being booked into the Fresno County Jail. Plaintiff had an open wound from removal of muscle and skin tissue caused by a surgeon's use of an infected/dirty medical instrument on November 12, 2016. While admitted, Plaintiff was taken to the x-ray room for x-rays of his right forearm and bone structure. Plaintiff was shackled to the hospital bed and was being treated for positive MRSA. Plaintiff was seen by the hospital's orthopedic/burn doctor for skin grafting intervention. Plaintiff was scheduled for skin grafting and had a pick-line installed on his left side for IV antibiotics and a wound vac to help remove

the MRSA infection from spreading before the skin graph intervention. After the Defendant Sheriff's Department learned that Plaintiff was to have these procedures performed, they released him on continued parole with charges dropped. The following day, Plaintiff was approached by an unknown case manager from the hospital who stated that the Defendant Sheriff's Department did not want to pay for Plaintiff's medical coverage.

Plaintiff alleges that Defendant Sheriff's Department knew and should have known that Plaintiff was suffering life threatening injuries while under its custody and supervision. Plaintiff further alleges that instead of summoning medical assistance with medical coverage, Defendant Sheriff's Department dropped the charges against him without provocation and walked out, "having maliciously and sadistically, for the purpose of causing harm by not having financial responsibility for medical coverage." (ECF No. 1 at p. 4.) Plaintiff contends that Defendant Sheriff's Department's failure to keep him safe from harm demonstrates deliberate indifference to his Eighth Amendment rights. Plaintiff also contends that as a result of Defendant Sheriff's Department's failure to ensure his right to be free from cruel and unusual punishment, he has suffered and will continue to suffer physical injuries in the form of irreparable nerve damage, loss of feeling, and pain and suffering in his right arm.

Plaintiff seeks injunctive and declaratory relief, along with compensatory and punitive damages.

**III. Discussion**

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted. As Plaintiff is a jail inmate proceeding pro se, he will be granted leave to amend to the cure the deficiencies identified in his complaint to the extent he can do so in good faith. To assist Plaintiff, the Court provides the following pleading and legal standards.

**A. Defendant Fresno County Sheriff's Department**

As indicated above, Plaintiff names the Fresno County Sheriff's Department (Jail Division) as the sole defendant in this action. Section 1983 applies to municipalities and other local governmental entities, but not municipal departments. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 121 (1992); *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D.

Cal. 1996). A sheriff's department, which is a subdivision of a local governmental entity, is not a proper defendant for purposes of Plaintiff's section 1983 claims. *See Nelson v. Cty. of Sacramento*, 926 F.Supp.2d 1159, 1170 (E.D. Cal. 2013). Plaintiff therefore cannot state a claim against the Fresno County Sheriff's Department. In any amended complaint, Plaintiff may name the County of Fresno if he wishes to pursue claims against its departments or agencies.

Even if the Court were to construe Plaintiff's claims as brought against the County of Fresno, Plaintiff's allegations are insufficient to state a cognizable claim. A municipality or county may be held liable under Section 1983 only for constitutional violations occurring as the result of an official government policy or custom. *Collins*, 503 U.S. at 121; *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 694 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (extending *Monell* municipal liability to counties). To assert a valid section 1983 claim against Fresno County, Plaintiff must show both a deprivation of constitutional rights and a departmental policy or custom that was the "moving force" behind the constitutional violation. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008). There must be a "direct causal link between a [County] policy or custom and the alleged constitutional deprivation." *Id.* (citation and quotation omitted). Here, Plaintiff fails to identify a policy or custom that led to the alleged constitutional violation.

**B. Medical Care**

Plaintiff alleges that his Eighth Amendment right to medical care was violated. At the time of the alleged incident, it appears that Plaintiff was a pretrial detainee as he was being evaluated prior to his booking in the Fresno County Jail.

The standard applicable to a pretrial detainee's claim for untreated medical needs under the Fourteenth Amendment is presently not clear. In the past, such claims were subject to the same state of mind requirement as an Eighth Amendment violation, i.e., subjective and deliberate indifference to a substantial risk of serious harm. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010). However, that holding was called into question by the United States Supreme Court in a Fourteenth Amendment excessive force case, *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The Ninth Circuit extended the *Kingsley* rationale to a Fourteenth

Amendment failure-to-protect claim. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). And, in *Guerra v. Sweeny*, No. 1:13-cv-01077-AWI-BAM (PC), 2016 WL 5404407 (E.D. Cal Sept. 27, 2016) (Ishii, J.), *Castro* was extended to an untreated medical needs case. The *Guerra* court determined that the elements of such a claim are: "(1) The plaintiff made a request for medical care or the need for care was glaringly obvious; (2) The plaintiff had a serious medical need; (3) The defendant did not take reasonable steps to obtain or provide medical care, even though a reasonable officer (or reasonable medical staff) in the circumstances would have appreciated the high degree of risk involved—making the likelihood of harm obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at *3.

Regardless of the standard applied, Plaintiff fails to provide sufficient factual allegations to support a claim for denial of medical care. According to the complaint, Plaintiff was taken to Community Regional Medical Center where he received x-rays, treatment for a MRSA infection, antibiotics and a wound vac while under the custody and supervision of Defendant Sheriff's Department. As currently pled, Plaintiff's allegations suggest that he is seeking "medical coverage," i.e., payment for his treatment. Plaintiff fails to allege that he did not receive necessary medical treatment while in custody.

Further, Plaintiff has no constitutional right to continued prosecution of his case so that he may remain in jail. *Forte v. Merced Cty.*, No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *5 (E.D. Cal. Jan. 13, 2016), *report and recommendation adopted*, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016) (The court has previously explained that a defendant in a criminal case has no constitutional right to the continuation of a prosecution against him.) Any claim that Plaintiff's constitutional rights were violated because the charges were dropped fails to state a cognizable claim.

**IV. Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim for relief. The Court will grant Plaintiff leave to amend to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey*, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **November 28, 2017**          /s/ *Barbara A. McAuliffe*
                                                             UNITED STATES MAGISTRATE JUDGE